WILLIAM F. SCHNEIDER, Appellant, v. ABE LANER, Respondent, Impleaded with SADIE LANER and Others, Defendants.

Third Department, November 23, 1938.

*Isadore Rothenberg*, for the appellant.

*Isaac Silberman* [*Ellsworth Baker* of counsel], for the respondent.

HILL, P. J. Defendant-respondent Laner was successful in the court below on his plea of usury interposed in this action to foreclose a mortgage on property known as the Arlington Hotel in Sullivan county. He and another, in October, 1934, purchased the property for $10,000 from the Sullivan County Trust Company, giving a mortgage for the purchase price. Because of his failure to pay the first installment of interest in January, 1935, the trust company in March began an action to foreclose. Negotiations were carried on between himself and the plaintiff, as a result of which the plaintiff conveyed to him real property in Bronx county for $11,000 and loaned him $3,600 to be used for repairs. The plaintiff then negotiated with the trust company and purchased the mortgage upon the hotel property for $9,000. He continued the foreclosure to a sale in September and thereat was

the purchaser. He then conveyed it to Laner. He received in payment for the two pieces of real property two mortgages, one for $7,000, a lien on the Bronx property, the other for $13,000 on the Sullivan county property. No payments have been made by respondent on either mortgage. An action was brought to foreclose upon the Bronx property; it was undefended and was carried through to judgment and sale. This action is to foreclose the $13,000 mortgage on the Sullivan county property.

The jury did not render a general verdict, but by answers to two questions found that the value of the Bronx property at the time of the sale to respondent was less than $11,000, and also that plaintiff believed the property to be of less value. Based thereon, the court has found usury in connection with the Sullivan county mortgage. The Bronx property was assessed for $14,500. Respondent opposed plaintiff's motion for a deficiency judgment, and in an affidavit stated, concerning the value, " these premises [Bronx property] by any stretch of the imagination cannot be worth much less than $12,500 to $15,000," and he presented the affidavit of a real estate broker who fixed the value of the building as $14,250 " at least."

It may not be denied that the motive of the profit and personal gain actuated the plaintiff in these transactions. However, respondent was not compelled to purchase the Bronx property, and his own broker stated it to be his opinion " that this building without trouble should bring a gross income of $3,000 or better a year." Such an income would justify an even higher purchase price. He was an adept at purchasing real property without money, as he had made no payment upon either mortgage. He had no equity in the Sullivan county property when the trust company was foreclosing. Plaintiff was within his rights in purchasing the trust company mortgage and continuing the foreclosure to a sale. He then became the owner and could sell it at such a price as he and his prospective purchaser could agree upon.

The facts in this case distinguish *Bishop* v. *Rider* (143 Misc. 291; affd., 235 App. Div. 736; 261 N. Y. 512) and do not require that the doctrine of the redistribution of wealth should be applied by taking a substantial sum from plaintiff in order to bestow upon the respondent a hotel, title to which he had obtained twice and held for some months without payment.

Appellant is entitled to a judgment of foreclosure and sale, with costs, and a reversal on the law and facts of the judgment and order appealed from, with costs.

McNamee, Crapser and Heffernan, JJ., concur; Rhodes, J., dissents and votes to affirm.

Judgment and order reversed on the law and facts, with costs. Judgment of foreclosure and sale granted, with costs. Matter remitted to the County Court for the appointment of a referee to compute the amount due, and for further proceedings.

This court reverses that part of the findings of fact made by the trial judge wherein he adopted defendant's fifth, sixth, seventh, eighth, ninth, tenth and eleventh proposed findings, and reverses the trial judge's refusal to find plaintiff's fourth, eighth and fifteenth proposed findings of fact and the modification of plaintiff's proposed findings numbered fifth, seventh, fourteenth and seventeenth. The court finds as conclusions of law all of plaintiff's proposals in the court below.